# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Heidi Losleben,<br><br>　　　　Plaintiff,<br>v.<br><br>MRS Associates and Mr. Graves,<br><br>　　　　Defendants. | Civil No. _____<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt by their contact with Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Heidi Losleben is a natural person with standing in this action under 15 U.S.C. §1692k(a) who resides in the City of Saint Paul, County of Ramsey, State of Minnesota.

5. Defendant MRS Associates (hereinafter "Defendant MRS") is a collection agency operating from an address of 1930 Olney Ave, Cherry Hill, NJ 08003, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Mr. Graves (hereinafter "Defendant Graves") is a natural person who was employed at all times relevant herein by Defendant MRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Upon information and belief, on or before 2009, Plaintiff's brother-in-law allegedly incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), which was used by Plaintiff's brother-in-law to make personal purchases of food, clothing, and shelter-related items.

8. Upon information and belief, sometime in or around 2009, the Plaintiff's brother-in-law's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff's brother-in-law, when thereafter Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt.

### *August 26, 2009 Collection Call*

9. On or about August 26, 2009, Defendant MRS contacted Plaintiff by autodialed telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. Plaintiff answered this call from phone number 757-209-2029 at 7:58 AM when a synthetic voice immediately told to wait on the line until she was connected.

11. Defendant's phone call rudely awoke Plaintiff who was sleeping at the time.

12. Angered at the call and immediately being placed on hold, Plaintiff terminated the phone call.

### *August 27, 2009 Collection Call*

13. On or about August 27, 2009, Defendant MRS's collector, Defendant Graves, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. Plaintiff again answered Defendant's call from phone number 757-209-2029 at 8:37 AM when a synthetic voice immediately told to wait on the line until she was connected.

15. Plaintiff waited patiently to get a human on the line and was eventually connected with Defendant Graves.

16. Plaintiff immediately asked Defendant Graves to remove her from his list and to cease further communications.

17. Defendant Graves stated that he had no such list ignoring Plaintiff's request.

18. At no time did Defendant Graves state that he was confirming or correcting confirming location information

19. Defendant Graves then asked Plaintiff if she knew Plaintiff's brother-in-law by providing her his name.

20. Plaintiff stated that she did know him.

21. Defendant Graves then demanded Plaintiff get a message to her brother-in-law.

22. Defendant Graves acted irritated and stated that he had been trying to reach Plaintiff's brother-in-law for some time.

23. Defendant Graves then again demanded Plaintiff get a message to her brother-in-law referring to file number #13956568.

24. Defendant further demanded that Plaintiff have her brother-in-law return Defendant Graves call at 888-274-9847.

25. Plaintiff then explained that she did not appreciate Defendants calling so early in the morning.

26. Defendant Graves flippantly stated that she should take her complaint up with her brother-in-law.

27. Exasperated, Plaintiff then ended the call.

28. This call from between Defendant Graves and Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(b), 1692d, and 1692f, amongst others.

### *Summary*

29. All of the above-described collection communications made to Plaintiff by Defendant Graves employed by Defendant MRS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(b), 1692d, and 1692f, amongst others.

### *Respondeat Superior Liability*

30. The acts and omissions of Defendant Graves, and other debt collectors employed as agents by Defendant MRS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant MRS.

31. The acts and omissions by Defendant Graves and other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant MRS in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, Defendant Graves and other debt collectors were motivated to benefit their principal, Defendant MRS.

33. Defendant MRS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt by contacting this Plaintiff.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including,

but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

37. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

-8-

Dated: March 2, 2010　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　**WHEATON LAW GROUP, PLLC**

　　　　　　　　　　　　　　　　　　　By:  **s/Christopher S. Wheaton**
　　　　　　　　　　　　　　　　　　　Christopher S. Wheaton, Esq.
　　　　　　　　　　　　　　　　　　　Attorney I.D.#0389272
　　　　　　　　　　　　　　　　　　　2021 East Hennepin Avenue, Suite 195
　　　　　　　　　　　　　　　　　　　Minneapolis, Minnesota 55413-2700
　　　　　　　　　　　　　　　　　　　Telephone:  (612) 379-3191
　　　　　　　　　　　　　　　　　　　Facsimile: (612) 605-2102
　　　　　　　　　　　　　　　　　　　cswheaton@wheatonlawgroup.com

csw　　　　　　　　　　　　　　　　　**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Plaintiff Heidi Losleben, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Heidi Losleben*
Heidi Losleben

Subscribed and sworn to before me this 2nd day of March, 2010.

*[signature]*
Notary Public

CHRISTOPHER SEAN WHEATON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2012